IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER ADIN GRAHAM,<br><br>Defendant. | Case No.: 3:12-cr-00178-AN-1<br><br>OPINION AND ORDER |

Defendant Christopher Adin Graham moves for relief from judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b)(1), (3), and (6). For the reasons set forth below, the motion is DENIED.

## BACKGROUND

On March 11, 2014, defendant was convicted by a jury of one count of sex trafficking by force, fraud, or coercion and two counts of witness tampering. Jury Verdict, ECF [118]. He was sentenced to a total of 360 months imprisonment and a life term of supervised release. Am. J., ECF [163].

On October 2, 2017, defendant moved to vacate or correct his sentence under 28 U.S.C. § 2255. Mot. to Vacate or Correct Sentence, ECF [183]. Then-District Judge Michael W. Mosman issued an Opinion and Order on May 7, 2018 ("Order"), denying the motion and declining to issue a certificate of appealability. Op. & Order of May 7, 2018, ECF [198]. Defendant appealed the Order, and the Ninth Circuit dismissed the appeal on October 11, 2018. *See* Order of Dismissal of Appeal, ECF [202]. Defendant then filed a petition for writ of certiorari, which the United States Supreme Court denied. *See* Notice, ECF [204].

On June 10, 2019, defendant moved for reconsideration of the Order. Mot. for Reconsideration, ECF [205]. Judge Mosman denied that motion. Order of June 13, 2019, ECF [206].

1

On June 26, 2025, defendant moved for relief from the Order pursuant to FRCP 60(b). Mot. for Relief from J. ("Def. Mot."), ECF [280].

Aside from the motion to vacate or correct his sentence, defendant also filed a "Motion for Resentencing and Appointment of Counsel" on May 29, 2024. Mot. for Resentencing & Appt. of Counsel, ECF [263]. This Court denied that motion as an unauthorized second or successive 28 U.S.C. § 2255 motion and declined to issue a certificate of appealability. Order of August 26, 2024, ECF [275]; Order, ECF [278]. Defendant also appealed that order, and the Ninth Circuit dismissed the appeal on January 24, 2025. Order of Dismissal of Appeal, ECF [279].

## DISCUSSION

Defendant argues for relief from the Order based on "fraud upon the court, misapprehension of the essential statutory elements, misrepresentation, ineffective assistance of counsel, recently discovered evidence, and a complete breakdown of the adversarial process, resulting i[n] a miscarriage of justice that justifies relief." Def. Mot. 1.

Defendant's motion fails for at least two reasons. First, the motion is untimely. Pursuant to FRCP 60(b), a court may grant relief from an order when there is "mistake, inadvertence, surprise, or excusable neglect"; "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (3), (6). A motion under FRCP 60(b)(1) or (3) must be made "no more than a year after the entry of the . . . order[.]" Fed. R. Civ. P. 60(c)(1). To the extent that defendant argues mistake, fraud upon the court, or misrepresentation, those are bases under FRCP 60(b)(1) and (3) upon which relief may be granted. However, defendant filed the instant motion on June 26, 2025, well over a year after Judge Mosman issued the Order on May 7, 2018. Accordingly, defendant's motion is untimely.

Second, although defendant styles the motion as an FRCP 60(b) motion, the motion is in substance a successive 28 U.S.C. § 2255 motion. A motion, even though labeled as one under FRCP 60(b), will be treated as a successive section 2255 motion if it raises a "claim" as defined in 28 U.S.C. § 2244. "[A] 'claim' is an asserted federal basis for relief from a . . . judgment of conviction." *Gonzalez v. Crosby*,

2

545 U.S. 524, 530 (2005). A successive section 2255 motion cannot be considered unless it has first been certified by the court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Here, defendant again repeats many of the arguments that he has raised in previous section 2255 motions. In essence, defendant continues to argue that his trial counsel was ineffective and that the jury was not instructed on a fourth element that the offense "was effected by means of force, fraud[,] or coercion" for the count of Sex Trafficking by Force, Fraud, or Coercion. *Compare* Def. Mot. 2-8, *with* Mot. to Vacate or Correct Sentence 4-8, *and* Mot. for Resentencing & Appt. of Counsel 4-7. Because defendant presents the same claims denied in his first section 2255 motion, his motion is a successive section 2255 motion, and the motion must be certified by the Ninth Circuit before it can be heard by this Court. *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).

A Certificate of Appealability is appropriate when a petitioner has made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and "the issues are debatable among jurists of reason," *Allen v. Ornoski*, 435 F. 3d 946, 951 (9th Cir. 2006); *see also Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("[W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). Jurists of reason would not find it debatable that defendant's motion constitutes an unauthorized successive section 2255 motion and that the Court lacks jurisdiction to consider the motion before it has been certified by the Ninth Circuit. Accordingly, the Court declines to issue a Certificate of Appealability.

**CONCLUSION**

For the foregoing reasons, defendant's Motion for Relief from Judgment, ECF [280], is DENIED. The Court DECLINES to issue a Certificate of Appealability.

IT IS SO ORDERED.

DATED this 22nd day of August, 2025.

_____
Adrienne Nelson
United States District Judge